HEIGHTS DEMOCRATIC CLUB, INC., Plaintiff, *v.* GUY E. BREWER et al., Holding Themselves out as Officers or Members of HEIGHTS DEMOCRATIC CLUB, an Unincorporated Association, Defendants.

Supreme Court, Special Term, New York County, April 22, 1946.

*Henry Weinberger* for plaintiff.

*John T. Doles* for defendants.

GAVAGAN, J. This litigation results from the struggle of two contending groups for leadership and control of the 12th Assembly District North of the borough of Manhattan in New York City. Plaintiff claims to be the successor of the Heights Democratic Club by virtue of its incorporation pursuant to the Membership Corporations Law, thus bringing into the new entity all the memberships and all of the assets and liabilities of the predecessor unincorporated association. It asks in its complaint that the succession be declared to have been legally accomplished and for other incidental relief flowing therefrom. The present motion of the plaintiff seeks an order restraining defendants from collecting rents, interfering with plaintiff's use of the premises, interfering with the money and other assets of the plaintiff, appointment of a receiver, and for such other and further relief as may seem proper.

A meeting of the membership of the club, a political organization of the northerly half of the 12th Assembly District, was duly called for January 30, 1946, at the headquarters then maintained for that purpose. Such meeting was called by the secretary with the direction of the president upon due notice. It was duly held, resulting in the unanimous decision of the members present that the club should be incorporated. The purpose of the meeting was stated in the notice. As a consequence, plaintiff was incorporated and its officers elected, who demanded from the former officers and members, of whom the named defendants are three, that they turn over possession and control of the assets of the club now belonging to the corporation, more particularly the lease held by the club covering

the entire premises 2005-7-9 Amsterdam Avenue and the rents thereof, and that they recognize and yield to the corporation and its officers. The defendants, plaintiff claims, have steadfastly refused to comply but, on the contrary, continue to hold themselves out as the only and legitimate organization of the district, refuse access of the club premises to plaintiff, are collecting the rents and otherwise controlling the property of the plaintiff and interfering with plaintiff's rightful possession and control of them. Moreover, the subtenants continue to pay their rents to defendants and will continue to do so in the absence of any restraint. Upon the basis of this recital plaintiff claims to be entitled to temporary injunctive relief and the appointment of a receiver.

This motion was argued April 3, 1946, and finally submitted April 9, 1946. By his affidavit of April 8, 1946, the defendant Guy E. Brewer asks that I consider myself to be disqualified. He claims to be the executive member of the Heights Democratic Club and of the Democratic County Committee. The dispute, he asserts, was instigated within the County Democratic organization. He declares further that I had been for a period of years a member of the Congress representing part of the territory now contained within the 12th Assembly District and that I was also the executive member or district leader of the Democratic Party in the former 22d Assembly District which now constitutes a part of the present 12th District. What is thus described as a close association with the district concerned disqualifies me, it is urged, from passing upon the merits of the dispute. It is indeed true that I had a close association with the district or a part of it and was vitally concerned with its interests at the time I held the various positions and offices referred to. In such positions and offices I would still be interested and, no doubt, partisan with respect to any dispute such as this. It should be a sufficient answer, however, that I no longer hold any of them. That I am still concerned can likewise not be gainsaid, but that concern now flows from judicial position which transforms the concern into one that seeks to do justice. The challenge contains the suggestion that I was incapable of laying aside the natural attitudes flowing from active interest in the affairs of the district where I resided after I had been removed by elevation to judicial office from the arena of political combat. It seems to me, however, that in the final analysis it matters little in what district the dispute may arise. Defendants indict virtually the entire Democratic organ-

ization of Manhattan Borough and might with equal propriety and justification charge practically the entire judiciary with at least an earlier passive sympathy with the organization that had enjoyed their support prior to judicial elevation. The challenge is thus so disingenuous and remote as to be wholly without merit.

The defendants deny that any meeting of the members of the club was, duly called for the purpose of considering incorporation and deny that the person who, it is claimed, called the meeting was ever its secretary. The incorporation was thus a fraud to oust defendants and did not achieve the succession claimed for it. The answer contains a counterclaim based upon the claimed fraud, asserting that plaintiff wrongfully claims to be the successor of the Heights Democratic Club and asks that it be dissolved, its certificate of incorporation revoked, and that plaintiff be restrained from using its name.

Obviously, plaintiff has not joined and could not join the unincorporated association as a defendant. Defendants, on the other hand, seek relief on behalf of the association that is not a party and without the joinder of other necessary parties.

While it may be said that some issues with respect to the procedures taken, resulting in the incorporation of plaintiff, have been raised, I am not at all impressed with defendants' claim of fraud. They do not deny that access to the club property was denied to those members hostile to them and they therefore cannot complain if the membership, at the instance of the president and secretary, held the contested meeting elsewhere. With respect to the identity of the secretary, it would seem that plaintiff's Exhibits 6a and 6b are a complete answer. Neither of the contending groups has furnished precise information as to the membership lists, although they appear to be in the possession and control of the defendants. Nevertheless, it is a fair estimate of defendants' proof thereof that it is inconclusive, whereas plaintiff furnishes what it claims to be an overwhelming majority of the names and addresses of the entire list, and that among the persons thus present and voting unanimously at the meeting were most, if not all, of the captains of the district. With respect to the timeliness of the notice, it would seem that the practice of the defendants in like matters would afford a measure of what is regarded by them as timely, and in that light the notice given calling the contested meeting would seem to have been timely. It is, moreover, interesting to observe what the membership considered with respect to the ability of the defendant Brewer as executive member to protest

their interests when, at a meeting of the captains held January 16, 1946, they resolved that he was incompetent and disloyal.

Despite the apparent weakness of the claims of defendants and their efforts to create issues challenging the due organization of plaintiff and its succession, I am constrained, nevertheless, to deny the motion for temporary injunctive relief, which would, in effect, afford plaintiff much of the final relief to which it claims to be entitled. It does seem clear, however, that this litigation in actual fact is a projection of the district feud between two contending groups. If the right of plaintiff to temporary injunctive relief is said not to be sufficiently clear, the title and right of possession of defendants to the lease, assets and rents are even less clear. Plaintiff's prayer for relief in the complaint and motion are broad enough to require defendants to turn over all of the property in their possession and control, whether it is the property of plaintiff or of the Heights Democratic Club, including the lease and the rents flowing therefrom. Neither group should be permitted to retain the advantage of control over the assets pending the litigation. For this purpose a receiver will be appointed to take possession of all of said property and assets. It should also be observed that defendants remain members of plaintiff if, in fact, they were or are members in good standing of the club. Consequently, in possession of the leased premises the receiver will necessarily be required, even without instruction, to permit the peaceful use of the premises by all persons entitled thereto as such members.

The motion is granted to the extent indicated. Settle order accordingly.